UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

LANCE G.,

                Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

Case No. C18-5557 RSM

**(REDACTED) ORDER AFFIRMING THE COMMISSIONER'S FINAL DECISION AND DISMISSING THE CASE WITH PREJUDICE**

Plaintiff seeks review of the denial of his applications for Supplemental Security Income and Disability Insurance Benefits. As discussed below, the Court AFFIRMS the Commissioner's final decision and DISMISSES the case with prejudice.

## BACKGROUND

Plaintiff is currently 58 years old, has at least a high school education, and has worked as a buyer and procurement manager. Dkt. 14, Administrative Record (AR) 57, 150. Plaintiff applied for benefits in May 2015, alleging disability as of October 1, 2012. AR 157. Plaintiff's applications were denied initially and on reconsideration. AR 155, 156, 183, 184. After the ALJ conducted a hearing on October 5, 2017, the ALJ issued a decision finding Plaintiff not disabled. AR 135, 47-58.

# THE ALJ'S DECISION

Utilizing the five-step disability evaluation process,[1] the ALJ found:

**Step one:** Plaintiff has not engaged in substantial gainful activity since the October 2012 alleged onset date.

**Step two:** Plaintiff has the following severe impairments: mental health conditions variously described as psychotic disorder not otherwise specified, depression, anxiety, methamphetamine induced psychosis, and methamphetamine use disorder.

**Step three:** These impairments do not meet or equal the requirements of a listed impairment.[2]

**Residual Functional Capacity:** Plaintiff can perform work at all exertional levels. He is limited to simple routine work, in a workplace with no more than occasional workplace changes. He can have occasional, superficial contact with coworkers, with no teamwork. He can have no public contact, and no exposure to hazards.

**Step four:** Plaintiff cannot perform past relevant work.

**Step five:** As there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, he is not disabled.

AR 49-58. The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision. AR 4.

# DISCUSSION

Plaintiff asks the Court to reverse the ALJ's decision. Dkt. 14. The Court may reverse the ALJ's decision finding a person not disabled "only if it is not supported by substantial evidence or is based on legal error." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Id.* The Court cannot make its own findings, but must consider the entire record as a whole in determining whether the Commissioner's conclusions

---

[1] 20 C.F.R. §§ 404.1520, 416.920.
[2] 20 C.F.R. Pt. 404, Subpt. P, App'x 1.

have a reasonable basis. *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003); *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006). When the evidence is susceptible to more than one interpretation, the ALJ's interpretation must be upheld if rational. *Burch v. Barnhart*, 400 F.3d 676, 680-81 (9th Cir. 2005). Additionally, where a party proceeds pro se, the Court must construe the allegations of the pleading liberally and afford him the benefit of any doubt. *See Bretz v. Kelman*, 773 F.2d 1026, 1027 n. 1 (9th Cir. 1985).

Plaintiff, who was represented by attorneys before the ALJ, is proceeding pro se before this court. Dkt. 5 at 4. An opening brief, which appears to have been prepared by his sister, was submitted on his behalf. *See* Dkt. 16 at 1.

## A.     First Claim: Closed Period of Disability

Based on the assertion that Plaintiff suffers from a "mental disease" and "people do not recover from mental diseases[,]" Plaintiff's brief argues that the "ALJ denied disability benefits based on the plaintiff filing for a [closed] period of disability which is incorrect." Dkt. 16 at 2. However, the record shows that Plaintiff, through his appointed attorney representative, did request a closed period of disability. In addition, the ALJ did not base the denial of benefits on this request, and considered the entire period from October 2012 up until the date the decision was signed.

During the hearing, Plaintiff's attorney stated "we'll be asking for a closed period" from October 1, 2012, to May 13, 2016. AR 138-39. The ALJ decided that Plaintiff had not been disabled at any time from the October 2012 alleged onset date through the December 20, 2017, date of the decision. AR 58. Because there was no period of disability at all, the ALJ denied the request for a closed period of disability. AR 47.

Plaintiff has not shown any error in the ALJ's handling of the request for a closed period.

(REDACTED) ORDER AFFIRMING THE
COMMISSIONER'S FINAL DECISION AND
DISMISSING THE CASE WITH PREJUDICE
- 3

**B.  Second Claim: Exclusion of Witness/Representative**

Plaintiff argues that the ALJ erred by preventing his sister, as his "witness/Medical Power of Attorney[,]" from being present at the hearing when she "had additional information and had many questions for the ALJ." Dkt. 16 at 4.  A hearing is intended for the ALJ to take information, not for witnesses to ask questions of the ALJ.  And any information could have been submitted into the record.  In fact, the documents included in Plaintiff's brief are incorporated into the record.  *Compare* Dkt. 16 at 9-10 *with* AR 69,[3] 489.  Handwritten on one of the documents in the brief is the following: "None of the medical records were even touched on at the hearing." Dkt. 16 at 10.  This was not improper.  At the beginning of the hearing the ALJ stated, "My decision will be based on the evidence in your case, including all of the documents in the record and the testimony that I hear today." AR 137.  The ALJ had over 300 pages of medical records to review.  *See* AR 483-786.  The hearing was for the ALJ to hear Plaintiff's own description of his impairments and limitations; there was no need to go over medical records that the ALJ could review at another time.

For purposes of the proceedings before the ALJ, Plaintiff appointed as his representatives attorneys Merrill Schneider, Kevin Karr, and Alexandra Gibney.  AR 215.  Kevin Karr represented him during the hearing.  AR 135, 137.  Plaintiff did not appoint his sister as his representative.  Also, the record does not show that Plaintiff or his attorney requested that his sister appear as a witness.  Plaintiff's brief includes a copy of a form giving his sister Medical Durable Power of Attorney upon his disability or incompetence.  Dkt. 16 at 5-7.  Even assuming

---

[3] Although one of the documents, a 2015 state disability approval form, may not have been before the ALJ, it was in the record before the Appeals Council, which upheld the ALJ's decision. Moreover, the ALJ had the equivalent 2017 form, which continued Plaintiff's disability approval. *See* AR 728.

the power of attorney was in effect at the time of the hearing, it gave Plaintiff's sister the power to make medical decisions, not all decisions. *See* Dkt. 16 at 5. An ALJ hearing is an administrative legal proceeding, not a medical proceeding.

Plaintiff has not shown any error based on the fact that his sister was not present at his hearing.

**C.     Third Claim: Other Disability Determinations**

Plaintiff notes that in 2015 he was deemed to "currently lack[] the capacity" to stand trial due to psychotic symptoms and became ineligible to own or possess firearms. Dkt. 16 at 12-13. The implication seems to be that if he is disabled for those purposes, then he must be disabled for Social Security purposes. However, disability is adjudicated differently for different purposes. For Social Security purposes, "disability [is] the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 404.1505(a). A state agency determination that Plaintiff lacks mental capacity to stand trial or is ineligible to possess firearms in 2015 does not foreclose a Social Security determination of non-disability in 2017. The ALJ reviewed an extensive medical record, including completely normal mental status examinations in April 2015, February and November 2016, and May, July, and August 2017. AR 595-96, 708, 765, 770-71, 774-75, 777-78. A treating provider assessed Plaintiff's history as "psychotic symptoms that were related to methamphetamine abuse, and appear to have resolved with" medication. AR 669.

Plaintiff has not shown any error in the ALJ's failure to treat the 2015 determinations as binding on the Social Security disability determination.

### D. Fourth Claim: Report by Gary Sacks, Ph.D.

Plaintiff argues that the ALJ's decision is contradictory because the ALJ agreed with portions of Dr. Sacks' report but gave his opinions "no weight." Dkt. 16 at 2. The ALJ agreed with Dr. Sacks' factual *findings* that Plaintiff showed no signs of psychosis or problems with attention, concentration, or memory, that Plaintiff had a low average IQ and average memory and processing speed, and that Plaintiff "maintained the intellectual capacity to learn new information and make good decisions." AR 54 (citing AR 681-86). However, the ALJ observed, Dr. Sacks expressed no *opinions* as to Plaintiff's ability to work. AR 56. The ALJ's decision is not contradictory, because findings of fact are not the same as opinions. Plaintiff has not identified any opinions in Dr. Sacks' report that the ALJ failed to properly address or any other error in handling Dr. Sacks' report.

### E. Fifth Claim: Listed Impairment

Plaintiff's brief includes copies of documents discussing "Compassionate Allowances" and "listed impairment[s]." Dkt. 16 at 18-19. "Organic mental orders," "Schizophrenic, paranoid and other psychotic disorders," and "Anxiety-related disorders" are highlighted along with a handwritten notation that "Plaintiff was diagnosed by 3-4 psychologist[s] with 3 or more of these conditions." *Id.* at 19. On another page, "schizophrenia" is highlighted. *Id.* at 18. The source of the documents is unclear. None of those disorders are currently listed as grounds for compassionate allowance. *See* www.ssa.gov/compassionateallowances/conditions.htm (May 28, 2019). In any case, the ALJ is guided by the five-step disability evaluation process found in 20 C.F.R. §§ 404.1520, 416.920. Under those regulations, at step three an ALJ considers whether a claimant has an impairment or combination of impairments that meet or equal one of the listed impairments found in 20 C.F.R. Part 404, Subpart P, Appendix 1. *See* 20 C.F.R.

§ 404.1520(a)(4)(iii). Here, the ALJ considered whether Plaintiff's impairments met or equaled any listed impairment, specifically addressing listing 12.03, "Schizophrenia spectrum and other psychotic disorders," and listing 12.06, "Anxiety and obsessive-compulsive disorders," and concluded that they did not. AR 50-51. The ALJ found that Plaintiff's impairments did not meet or equal these listings because he did not have "[e]xtreme limitation of one, or marked limitation of two, of the following [four] areas of mental functioning": understanding, remembering, or applying information; interacting with others; concentrating, persisting, or maintaining pace; and adapting or managing oneself. 20 C.F.R. Pt. 404, Subpt. P, App'x 1, §§ 12.03B, 12.06B; AR 50-51. Plaintiff has not shown (or even argued) that the ALJ's analysis was based on legal error or unsupported by substantial evidence.

Plaintiff's brief states:

> One very important file I sent to the ALJ before the hearing was Social Security administration[']s Blue Book of Disability[4] and the List of Compassionate Allowances. The ALJ never acknowledged or spoke on either subject. I feel that if she represents the Soc Sec Administration and is a fair judge she would give her opinion to the information sent.

Dkt. 16 at 2. However, the ALJ is not required, or even able, to respond to every item in a 786-page record. An ALJ "need not discuss *all* evidence presented to her. Rather, she must explain why 'significant probative evidence has been rejected.'" *Vincent v. Heckler*, 739 F.2d 1393, 1394–95 (9th Cir. 1984) (quoting *Cotter v. Harris*, 642 F.2d 700, 706 (3d Cir. 1981). The lists of conditions found in Plaintiff's brief are not significant probative evidence regarding Plaintiff's disability or lack thereof. The ALJ was therefore not required to address them expressly in her decision. Plaintiff has not shown any error.

---

[4] The "Blue Book" lists the same impairments found in 20 C.F.R. Part 404, Subpart P, Appendix 1. *See* https://www.ssa.gov/disability/professionals/bluebook/ (May 29, 2019).

The Court concludes that Plaintiff has not shown any error in the ALJ's decision. Because the ALJ's decision is supported by substantial evidence and free of harmful legal error, the Court must affirm. *See Andrews*, 53 F.3d at 1039.

## CONCLUSION

For the foregoing reasons, the Commissioner's final decision is AFFIRMED and this case is DISMISSED with prejudice.

DATED this 31st day of May 2019.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE